IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TYCHON CURRY | ) | CASE NO. 1:26 CV 01652 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| STATE OF OHIO | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

*Pro se* plaintiff Tychon Curry, who is currently incarcerated at the Richland Correctional Institution, filed this 42 U.S.C. § 1983 action against the State of Ohio. Curry alleges the defendant breached its duty to provide him medical care in violation of Ohio Department of Rehabilitation and Corrections (ODRC) policies, placed him in unsafe living conditions, violated his First, Fourth, Eighth, and Fourteenth Amendment rights, and intentionally inflicted pain and suffering upon him. Specifically, he claims he made multiple requests to correctional staff regarding his housing in an attempt to remain separated from family members of his victim and to preserve his safety. Curry alleges these requests were ignored or mishandled, causing him significant distress and damage to his reputation. Additionally, Curry claims he was exposed to black mold while incarcerated, leading to chest pains and other symptoms, but his requests for medical attention were ignored and he was retaliated against with disciplinary measures for seeking help and reporting the mold. According to Curry, correctional staff has engaged in a "campaign of harassment" against him, placing him in segregated housing and taking away his iPad, and he has yet to receive medical care for the symptoms he is experiencing due to the mold exposure. He is seeking monetary damages in the amount of $780,000, as well as "declaratory and injunctive relief," including "transportation to an outside medical facility for diagnosis."

**Legal Standard and Analysis**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e)(2)(B) if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). "Under the Eleventh Amendment, a State may not be sued in federal court unless it has consented to such a suit or its immunity has been properly abrogated by Congress." *Latham v. Off. of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015) ("The sovereign immunity guaranteed by [the Eleventh] Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity."). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984).

The State of Ohio is the sole defendant named in this action. Accordingly, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e), and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from their dismissal could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 5, 2026

/s/ David A. Ruiz

DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE